ZINTER, Justice
(concurring in part and dissenting in part).
[¶ 71.] I concur on all issues except the matter of child support. On that issue, I join Justice Konenkamp’s dissent.
[¶ 72.] I write to explain the trial court’s error in calculating the base child support. In its analysis, the court first noted the disparity in the parties’ incomes. Because of that disparity, the court indi *648 cated that the base support obligation would be prorated, with Kevin being responsible for ninety-five percent. The court also indicated that the base support obligation would be based on both “the actual needs and standard of living for the minor children[.]” Amended Finding of Fact 141.
[¶ 73.] But the court erred as a matter of law in then determining the base obligation to prorate.[19] The court determined that “in order to provide for the children’s actual needs and standard of living,” the base obligation should be the top scheduled amount for two children in the support obligation table. Amended Finding of Fact 142. See also SDCL 25-7-6.2. Although the Schieffers’ joint income was approximately $185,000 per month, the top scheduled amount only applied to parents with joint monthly income of $20,000. See SDCL 25-7-6.2. Nevertheless, the court believed that the top scheduled amount was appropriate because it “accurately estimates the actual needs and standard of living for the minor children.” Amended Finding of Fact 142. The court believed that the top scheduled amount included the “typical” needs of children. Id. However, the needs and standard of living of children with parents earning $185,000 per month are not typical; and the top scheduled amount is not based on the actual needs and standard of living of children with parents having the Schieffers’ income.
[¶ 74.] The base obligations in the guidelines are based on economic data reflecting the different cost of raising children in households as monthly incomes increase up to $20,000.[20] The guidelines *649 do not consider any economic data reflecting the cost of raising children in households with incomes above the top scheduled amount of $20,000. Therefore, the court erred as a matter of law in determining that the top scheduled amount reflected the actual needs and standard of living of the Schieffers’ children. The Schieffers’ income was nine times greater than the income used to determine the top scheduled amount. Simply stated, the top scheduled amount does not purport to reflect the base obligation necessary to provide for the needs and standard of living of children whose parents have a combined income of $185,000 per month.[21]

. As the majority notes, in addition to paying his share of the base obligation, Kevin was ordered to pay his pro rata share of the cost associated with the special needs of his daughter. The court also required Kevin to pay his pro rata share of both children’s medical insurance, uninsured medical expenses, and child care. This additional support is substantial. But the majority incorrectly concludes that this additional support justifies the trial court’s determination of the base support obligation.
The base child support obligation is calculated in accordance with SDCL 25-7-6.2. Support for special needs is awardable under SDCL 25-7-6.10. Medical and child care support is awardable under SDCL 25-7-6.16 and 6.18. The support awardable under the latter three statutes is support in addition to the base support awardable under SDCL 25-7-6.2. The trial court correctly awarded the additional support. But the award of additional support for the specific costs addressed in SDCL 25-7-6.10, 6.16, and 6.18 does not cure a trial court's erroneous determination of the base support under SDCL 25-7-6.2. That is because the costs of special needs, medical insurance, unreimbursed medical expenses in excess of $250, and child care are not factored into the scheduled amounts required to be paid for base support. Report of the South Dakota Commission on Child Support (Dec.2008).

. The majority errs in focusing on the age of the children at the time of the divorce (AE-VS being two years old) and then postulating that ”[i]f AE-VS's needs change as he ages, as is expected, the trial court will have discretion to correspondingly raise the support obligation to meet those needsfj” Majority Opinion ¶ 40 (citing SDCL 25-7A-22 (allowing for a modification of support based on a substantial change in circumstances)). See also ¶ 44. The "change in circumstances" prerequisite for modifying support "survived the legislature's” adoption of child support guidelines in 1989. Whalen v. Whalen, 490 N.W.2d 276, 281 (S.D.1992). See also SDCL 25-7A-22. But the aging of children is generally not a change in circumstances authorizing the modification of support. The majority fails to recognize that, since the guidelines’ inception, base support has included the "average annual cost of raising the child to age 18.” Report of the South Dakota Commission on Child Support 14 (Dec.1985). Therefore, the increased cost of raising a child as the child ages is generally not a change in circumstances because it is already factored into the guidelines. In this case, the trial court selected a base support obligation from *649 the table that included the increasing cost of raising children as they age. The majority is wrong in assuming that the trial court has discretion to periodically increase the base support obligation based solely on the increasing needs of children as they age.

. The trial court also erred as a matter of law in finding that "Carmen has failed to prove that additional deviation from the child support guidelines is necessary to serve the children’s actual needs and standard of living.” Amended Finding of Fact 156. Deviations from the scheduled amount are governed by SDCL 25-7-6.10. Carmen did not seek a deviation from the schedule under this statute. Carmen sought a larger base child support award for divorcing parties whose combined income was not covered by the schedule.